UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JOSHUA THOMAS HILL,<br><br>　　　Movant,<br><br>　　v.<br><br>UNITED STATES OF AMERICA,<br><br>　　　Respondent. | CRIMINAL ACTION NO.<br>1:12-CR-0285-1-CAP<br><br>CIVIL ACTION NO.<br>1:16-CV-1476-CAP |

**O R D E R**

This action is before the court on the magistrate judge's report and recommendation ("R&R") [Doc. No. 435]. The movant has filed objections thereto [Doc. No. 457].

**I. Standard of Review**

In reviewing a magistrate judge's R&R, the district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). "Parties filing objections to a magistrate's report and recommendation must specifically identify those findings objected to. Frivolous, conclusive, or general objections need not be considered by the

district court." *United States v. Schultz*, 565 F.3d 1353, 1361 (11th Cir. 2009) (quoting *Marsden v. Moore*, 847 F.2d 1536, 1548 (11th Cir. 1988)) (internal quotation marks omitted). The district judge must "give fresh consideration to those issues to which specific objection has been made by a party." *Jeffrey S. v. State Bd. of Educ. of Ga.*, 896 F.2d 507, 512 (11th Cir. 1990) (citation and internal quotation marks omitted). Absent objection, the district judge "may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge," 28 U.S.C. § 636(b)(1), and "need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation," Fed. R. Civ. P. 72, advisory committee note, 1983 Addition, Subdivision (b).

## II. Discussion

### A. Background

The movant and two co-defendants were indicted on one count of conspiring to commit sex trafficking of children. Additionally, the movant was charged with three counts of sex trafficking of children and one count of being a felon in possession of a firearm. Second Superseding Indictment [Doc. No. 201].

On April 18, 2014, the movant pled guilty to the conspiracy count, and the government dismissed the remaining counts [Doc. No. 324]. In the plea

2

agreement, the government agreed to recommend a sentence of 180 months, and the movant agreed that the probation office and the court could still consider the underlying conduct from the dismissed counts. The movant expressly waived his right to appeal unless he received a sentence above the recommended 180 months.

On July 17, 2014, this court sentenced the movant to 192 months' imprisonment [Doc. No. 372]. After the movant filed a timely notice of appeal, the Eleventh Circuit affirmed the movant's conviction and sentence by order dated April 17, 2015. *United States v. Hill*, 783 F.3d 842 (11th Cir. 2015).

**B. Section 2255 Motion**

The movant now collaterally challenges his conviction and sentence. He claims he received ineffective assistance of counsel. As relief, the movant asks that he be resentenced to the recommended 180 months.

Under the Sixth Amendment, a defendant has the right to "reasonably effective" legal assistance. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In the context of a guilty plea, "counsel owes a lessor duty to a client who pleads guilty than to one who decides to go to trial, and in the former case counsel need only provide his client with an understanding of the law in relation to the facts, so that the accused may make an informed and

conscious choice between accepting the prosecution's offer and going to trial." *Wofford v. Wainwright*, 748 F.2d 1505, 1508 (11th Cir. 1984). "An attorney's responsibility is to investigate and to evaluate his client's options in the course of the subject legal proceedings and then to advise the client as to the merits of each." *Stano v. Dugger*, 921 F.2d 1125, 1152 (11th Cir. 1991). Given the strong presumption that counsel's conduct falls within the wide range of reasonably professional assistance, representation is constitutionally ineffective only when counsel commits "serious derelictions" of his duties when advising the defendant. *Id.* at 1150-51.

Second, a movant must also demonstrate that counsel's unreasonable acts or omissions prejudiced him. *Strickland*, 466 U.S. at 694. That is, a movant "must show that there is a reasonable probability that, but for the counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* The *Strickland* test applies in the context of a guilty plea, where, "in order to satisfy the 'prejudice' requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

It is well settled that a guilty plea must be both knowing and voluntary. *See Boykin v. Alabama*, 395 U.S. 238, 242-43 (1969). Because a guilty plea constitutes a waiver of the constitutional right to a jury trial, to confront one's accusers, and to the privilege against self-incrimination, "[t]he standard was and remains whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant." *North Carolina v. Alford*, 400 U.S. 25, 31 (1970). Accordingly, before a trial court accepts a criminal defendant's plea of guilty, it must assure (1) that the defendant was not coerced, (2) that the defendant understands the nature of the charges, and (3) that the defendant knows and understands the consequences of his guilty plea. *United States v. Bell*, 776 F.2d 965, 968 (11th Cir. 1985).

A voluntary and intelligent guilty plea generally forecloses federal collateral review of alleged constitutional, nonjurisdictional errors that precede the entry of the plea. *Tollett v. Henderson*, 411 U.S. 258, 266-67 (1973). Claims of ineffective assistance of counsel, however, may be reviewed in a collateral proceeding to the extent that the alleged ineffectiveness bears upon the voluntariness of the plea. *Hill*, 474 U.S. at 53-59; *Stano*, 921 F.2d 1125, 1150-51. "Without 'reasonably effective assistance of counsel in connection with the decision to plead guilty,' a defendant cannot enter a

5

knowing and voluntary plea because the plea does not represent an informed choice." *Stano*, 921 F2d at 1151.

The Supreme Court has determined that "the representations of the defendant . . . [at a plea proceeding] as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings. Solemn declarations in open court carry a strong presumption of verity." *Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977).

In the R&R, the magistrate judge reviewed the allegations of ineffective assistance of counsel as well as the statements by the movant during the court's plea colloquy. Given the definitive statements by the movant at his plea hearing regarding his understanding that the court was not bound by the 180-month recommendation, the magistrate concluded that the plea was knowing and voluntary. Moreover, the magistrate judge points out that the relief sought by the movant in this § 2255 petition belies his claim of prejudice because the movant is not seeking to vacate his conviction and sentence and go to trial on the charges against him. Rather, he seeks to maintain the benefits he received as a result of the plea agreement (dismissal of four counts) and be re-sentenced to the recommended 180 months on count one.

The movant filed objections to the R&R [Doc. No. 457]. Despite the order stating that objections shall specify with particularity the alleged error or errors made by the magistrate judge [Doc. No. 453], the movant simply re-argued his allegations of ineffective assistance. He fails to assert a single error by the magistrate judge.

The court has reviewed the transcript of the movant's plea hearing and finds that his plea was entered knowingly and voluntarily. With regard to the movant's claim that his attorney was ineffective in failing to alert him that he would be required to register as a sex offender before he entered his guilty plea, the court agrees with the conclusion of the magistrate judge that this is not a collateral consequence of pleading guilty such that failure to so advise a defendant would amount to constitutionally deficient performance of counsel. Furthermore, there is no indication that the movant would have chosen to go to trial rather than plead guilty had he been told about the sex offender registry before the plea because he was notified immediately before his sentencing hearing, yet he remained silent on this issue and raised no concerns with the court when the registration requirement was discussed during sentencing.

## III. Conclusion

Based on the foregoing, the movant's objections [Doc. No. 457] are OVERRULED, and the magistrate judge's R&R [Doc. 452] is ADOPTED as the order of the court.

IT IS ORDERED that the motion to vacate [Doc. 435] is DENIED, and that a COA is DENIED.

The clerk is DIRECTED to close the civil action associated with the filing of the motion to vacate.

SO ORDERED, this 22nd day of August, 2018.

/s/CHARLES A. PANNELL, JR.
CHARLES A. PANNELL, JR.
United States District Judge